812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond LURZ, Jr., Plaintiff-Appellant,
v.
Norman A. CARLSON and Pat Keohane, Defendants-Appellees.
 No. 86-5146.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HILLMAN, District Judge.*
 
 ORDER
 
 2
 This matter is before the Court upon consideration of this pro se appellant's appeal from a judgment of the district court which dismissed his complaint in an action for a writ of habeas corpus and declaratory and injunctive relief pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record on appeal and the briefs submitted by the parties, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant filed a combined petition for a writ of habeas corpus and a Sec. 1983 action in the district court in which he challenged a decision by the disciplinary committee at the Federal Correctional Institution in Memphis, Tennessee, that he should be placed in administrative segregation for a period of 14 days and be deprived of 30 days of accumulated good time credit. Specifically, appellant maintained that the committee's action was violative of his right to due process as: 1) there was insufficient evidence to sustain the disciplinary committee's finding that he had attempted to bribe a prison employee; 2) he had not been permitted to have an attorney present at the disciplinary hearing; and 3) he had been denied a tape recording of that proceeding. The district court, however, concluded that each of appellant's claims was without merit and ordered the dismissal of the complaint. Appellant thereafter filed this appeal.
 
 
 4
 The district court properly dismissed appellant's complaint, as none of the specific challenges to the prison disciplinary board's action present a cognizable basis for relief by either a petition for a writ of habeas corpus or a Sec. 1983 action. First, as to appellant's claims regarding the sufficiency of evidence before the disciplinary board, a court may not disturb the determinations of such a body so long as there is some evidence, albeit slight, capable of supporting its findings. Superintendent, Mass. Corr. Institution v. Hill, 470 U.S. 1084, 105 S.Ct. 2768 (1985). Review of the record discloses the presence of evidence before the prison disciplinary board upon which it could base its determination that appellant was guilty of attempting to bribe a prison official. Likewise, appellant cannot prevail upon his claims of a right to the presence of an attorney at the disciplinary hearing and his entitlement to a tape recording of that proceeding. Neither of those matters falls within the extremely narrow range of due process rights guaranteed to an inmate who is the subject of a prison disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 296 (1974).
 
 
 5
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court entered February 11, 1986, be and hereby is affirmed.